*JAMES E. MOONEY, TR. v. C. W. NAGEL, ASSIGNEE, ET AL.

**Member of a Land Syndicate Rendering Services in Lieu of Money Advanced is Partner and After Payment of Money so Advanced is Entitled to his Share in Proceeds Without Interest.**

An agreement to form a syndicate for the purchase and sale of real estate, in which all but one of the stockholders was to pay for the purchase of his own share and also his proportional part of money to be advanced to such one, a sort of managing agent, for his share, to whom no part of any of the proceeds of the sales of said real estate should be paid "until the sums advanced for the purchase thereof together with all interest and other costs shall first have been repaid," fixes his status as a partner; having performed all the conditions by him to be performed, such partner is entitled to receive his share of the proceeds of the enterprise after payment to the stockholders of the amounts advanced by them without interest.

APPEAL from common pleas.

**SMITH, P. J.**

The court is of the opinion in the above case that the appeal of James E. Mooney, trustee, brings before this court the whole case from the court of common pleas and that the case stands for trial here as it did originally in the court below. This being

---

*Affirming, Mooney v. Nagel, 20 Dec. 323.

so upon the claim between the plaintiff and the defendant, Wallace Burch, the court is called upon to construe the following contracts:

"We, James E. Mooney, T. B. Youtsey, A. S. Berry, Charles H. Kilgour, John Kilgour, John Zumstein and Wallace Burch, severally agree to and with each other, each in consideration of the agreements of the other, as follows:

"1. To form a syndicate to purchase such real estate as may be determined upon by two-thirds of shareholders herein.

"2. The number of shares shall be limited to six, five whole shares and two one-half shares, distributed as follows: to James E. Mooney, one share; to T. B. Youtsey, one share; to A. S. Berry, one share; to Charles H. Kilgour, one share; to John Kilgour, one share; to John Zumstein, one-half share; to Wallace Burch, one-half share.

"3. The shareholders other than Wallace Burch shall each pay their proportional part of the money to be advanced for said one-half share held by him. The said Wallace Burch shall not be paid any of the proceeds of the sale of said real estate until the sums advanced for the purchase thereof, together with all interest and other costs shall first have been repaid to the said shareholders, advancing the same out of the sales of the lands purchased under this agreement. The said Wallace Burch, in consideration of the profits in said one-twelfth interest, is to devote such time and attention as may be necessary to purchase the real estate hereunder; and by the direction of the officers of said syndicate, is to attend generally to all matters that may be necessary to carry out this agreement.

"4. The title of all real estate purchased shall be conveyed to James E. Mooney, trustee, who shall hold the same in trust for the shareholders hereof in accordance with this agreement, and make such disposition of the same as he may be directed from time to time by two-thirds of the said shareholders herein. Said trustee shall receive one ($1.00) dollar for his services.

"5. The said shareholders shall elect from their number, the president, treasurer and such other officers as they may deem necessary. The compensation of said officers, for each shall be one ($1.00) dollar per year.

Mooney v. Nagel.

"6. Promptly upon being notified so to do, each shareholder shall pay to the treasurer his proportional share of such sums of money as may be required to make the purchases of the real estate as aforesaid.

"7. It is agreed that the death of any of the shareholders herein, shall not determine this agreement; and each of the said shareholders agree that in the event of his death, prior to the termination of this agreement, his said share shall pass to his executors or other legal representatives, who shall carry out in his stead the purpose of this agreement to all intents and purposes the same as if he had not deceased.'

"8. This agreement to date from June 30, 1887, and to cover the purchases of all real estate made since said date.

> "JAMES E. MOONEY,
> "T. B. YOUTSEY,
> "A. S. BERRY,
> "CHARLES H. KILGOUR,
> "JOHN KILGOUR,
> "JOHN ZUMSTEIN,
> "WALLACE BURCH."

The evidence clearly shows, and indeed it is not disputed, that the defendant, Wallace Burch, performed all the conditions of the above contract on his part to be performed and rendered all services required of him thereunder, and that for his services, for which he was given a one-half share in the syndicate, he has received nothing.

The trustee claims that Wallace Burch was not a partner with the other shareholders under the contract, and that the said Burch was not to receive anything from the sale of the real estate until the sums advanced by the parties thereto should be repaid to those advancing the money for the same with interest thereon.

As to the first contention, the court is of the opinion that the defendant Burch is a partner with the other shareholders in the syndicate; while the contract relates back to 1887, it was executed in 1889, before which time the defendant Burch was not a member of the syndicate, but had performed labor in relation

thereto for which he had not been paid. He is mentioned and carried through the entire agreement; being given a one-half share, and in consideration of the profits in said one-half share he is to devote such time and attention as may be necessary to purchase the real estate, and is to attend generally to all matters that may be necessary to carry out the agreement. He also had a vote in the election of the officers in said syndicate and seems in nowise to have differed from the other members except in the manner in which his one-twelfth share was to be paid for, to wit, by services, which in this case was equivalent to money. We think, therefore, that he was in all respects a full partner under the terms of the agreement with the other members of the syndicate.

As to the second claim of plaintiff, the court is of the opinion that the plaintiff and the remaining shareholders, other than Burch, are not entitled to receive the sums advanced by them with interest thereon before Burch shall receive any of the proceeds of the sale of said real estate.

The agreement does not so declare. Before he is to be paid any of the proceeds of the sale of said real estate, the sum advanced for the purchase thereof, together with all interest and other costs, shall first be repaid to the shareholders advancing the same. Nothing can be repaid unless it has been theretofore paid out. Interest on the sums advanced would not be a payment by the shareholders which could be repaid to them, but would be a charge upon such sums; besides, the phrase "together with all interest and other costs" would seem to indicate that the "interest" here referred to was an expense to which the shareholders might be put as a part of the expense or cost in purchasing, organizing and maintaining the syndicate. What is to be repaid to the shareholders before Burch is to receive any of the proceeds of sale is such monies as have been advanced; but interest charged against the syndicate upon such sums would not be money advanced. It seems therefore clear, that the "interest" referred to in the agreement means such interest as might be paid by the shareholders that was necessary to place the real estate in proper shape upon the market, whether on deferred payments, loans, discounts, etc.

Mooney v. Nagel.

The court is of the opinion, therefore, that the prayer of the cross petition of Wallace Burch should be granted and a decree may be taken similar to that in the court below.

**Swing** and **Jones, JJ.,**